**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| APRIL D. VERRETT, MYRA GLASSMAN, GREGORY KELLEY, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION IL HEALTH & WELFARE FUND, <br><br> and <br><br> APRIL D. VERRETT, MYRA GLASSMAN, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION IL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> BT BOURBONNAIS CARE, LLC, and KT CARE, LLC <br><br> Defendants. | Case No. 14-cv-714 <br><br> Judge Milton I. Shadur |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**
**AND FOR FINAL JUDGMENT ON COUNTS II & IV**

Plaintiffs APRIL D. VERRETT, MYRA GLASSMAN, GREGORY KELLEY, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION IL HEALTH & WELFARE FUND ("Welfare Fund"), and APRIL D. VERRETT, MYRA GLASSMAN, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION IL PENSION FUND ("Pension Fund"), (Welfare Fund and Pension Fund known jointly as "The Funds"), by and through their attorneys, Dowd, Bloch & Bennett, pursuant to Fed.R.Civ.P. 55(b)(2) and Fed.R.Civ.P. 54(b),

respectfully move this court for entry of default judgment, in the form of the attached proposed order, against Defendants BT BOURBONNAIS CARE, LLC ("BT") and KT CARE, LLC ("KT"), (hereinafter the "Defendant Companies"). In support of this motion, the Plaintiffs state as follows:

1. This is a claim against the Defendant Companies for delinquent reports and contributions due to employee fringe benefit funds under Section 515 of ERISA, 29 U.S.C. §1145.

2. The Funds filed their four-count Complaint on January 31, 2014, consisting of a demand for delinquent reports (Counts I and III, respectively as to each Defendant Company), and a request for a judgment for late fees and interest based on late-paid contributions from the time before the unreported period (Counts II and IV, respectively as to each Defendant Company). Counts II and IV were supported by tables showing precisely which contributions were paid late and when they were paid.

3. On February 4, 2014, the Funds served Defendant Companies through their Registered Agent (Affidavits of Service attached as Exhibit 1).

4. As of the filing of this motion, more than 21 days after the date of service, the Defendant Companies have failed to plead or otherwise defend the case and should therefore be found in default.

5. Notwithstanding its obligations under the Funds' respective Trust Agreements, the Defendant Company BT has failed to timely report and/or pay benefit contributions to the Welfare Fund for the months of July 2013 to the present (except for contributions for January 2014 which were paid on or about February 26, 2014), and to the Pension Fund for the months of August 2013 to the present (except for contributions for December 2013 which were paid on or about February 26, 2014) (Affidavit of Zachary Nauth ¶7, attached as Exhibit 2).

6. Further, notwithstanding its obligations under the Funds' respective Trust Agreements, the Defendant Company BT has failed to pay incurred interest and late fees for untimely reports for various months during the period of September 2012 through June 2013, as detailed in the charts attached as Exhibits A and B to Complaint, despite demand duly made (Ex.2, Affidavit of Zachary Nauth ¶8 and Attachments A and B thereto).

7. Notwithstanding its obligations under the Funds' respective Trust Agreements, the Defendant Company KT has failed to timely report and/or pay benefit contributions to the Welfare Fund for the months of July 2013 to the present (except for contributions for January 2014 which were paid on or about February 26, 2014), and to the Pension Fund for the months of May 2013 to the present (except for contributions for July 2013 and December 2013 which were paid on or about September 30, 2013 and February 26, 2014 respectively) (Ex.2, Affidavit of Zachary Nauth ¶9).

8. Further, notwithstanding its obligations under the Funds' respective Trust Agreements, the Defendant Company KT has failed to pay incurred interest and late fees for untimely reports for various months during the period of September 2012 through June 2013, as detailed in the charts attached as Exhibits C and D to Complaint, despite demand duly made (Ex.2, Affidavit of Zachary Nauth ¶10 and Attachments C and D thereto).

9. Despite demand being duly made, as of the date of the filing of this filing, the Defendant Companies have failed to remit payment for all contributions and other sums due.

10. The Defendant Companies's failure to make timely reports and contributions violates Section 515 of ERISA, 29 U.S.C. §1145 and Section 301 of the LMRA, 29 U.S.C. §185.

11. Pursuant to the Funds' collection procedures, Employers who fail to report and/or remit contributions are liable to pay an "additional 20% if the Fund files a lawsuit against the

Employer to recover any amount due," and interest "at the rate of 1% per month, compounded monthly," as well as all costs of collection, including reasonable attorneys' fees and court costs (Ex.2, Affidavit of Zachary Nauth ¶¶4-6 and Attachments E and F thereto). Liquidated damages and interest owed pursuant to the Funds' collection procedures and 29 U.S.C §1132(g)(2) are a "mandatory rather than a discretionary determination on the part of the court." Central States, Southeast and Southwest Areas Pension Fund, 795 F. Supp. 2d 740, 744 (N.D. Ill. 2011).

12. As alleged in Count II of the Complaint, BT owes prior liquidated damages and interest to the Funds for untimely remittance of contributions for various months during the period of September 2012 through June 2013, as detailed in the charts attached as Exhibits A and B to Complaint. Because BT paid $82,375.00 in contributions late to the Health & Welfare Fund, BT owes $16,475.00 in late fees at the rate of 20%. Because BT paid $17,673.16 in contributions late to the Health & Welfare Fund, BT owes $3,534.63 in late fees at the rate of 20%. The specific amounts, not including unpaid contributions or attorneys' fees and costs, are as follows:

|  | **WELFARE** | **PENSION** |
|---|---|---|
| Prior Liquidated Damages | $16,475.00 | $3,534.63 |
| Prior Interest | $1,602.19 | $442.40 |
| **TOTAL** | **$18,077.19** | **$3,977.03** |

(Ex.2. Affidavit of Zachary Nauth ¶9 and Attachments A and B thereto).

13. As alleged in Count IV of the Complaint, KT owes prior liquidated damages and interest to the Funds for untimely remittance of contributions for various months during the period of September 2012 through June 2013, as detailed in the charts attached as Exhibits C and D to Complaint. Because KT paid $57,260.00 in contributions late to the Health & Welfare Fund, KT owes $11,452.00 in late fees at the rate of 20%. Because KT paid $8,892.67 in contributions late

4

to the Health & Welfare Fund, KT owes $1,778.53 in late fees at the rate of 20%. The specific amounts, not including unpaid contributions or attorneys' fees and costs, are as follows:

|  | **WELFARE** | **PENSION** |
|---|---|---|
| Prior Liquidated Damages | $11,452.00 | $1,778.53 |
| Prior Interest | $1,043.90 | $203.37 |
| **TOTAL** | **$12,288.80** | **$4,815.82** |

(Ex.2, Affidavit of Zachary Nauth ¶10 and Attachments C and D thereto).

14. Under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), the terms of the labor agreement, and the Funds' governing documents referenced herein, in addition to the unpaid contributions, interest at a rate of 1% compounded monthly and liquidated damages in the amount of 20%, the Defendant Company is liable to the Funds for reasonable attorneys' fees and costs incurred by the Funds related to this matter.

15. Accordingly, THE SERVICE EMPLOYEES INTERNATIONAL UNION IL HEALTH & WELFARE FUND is entitled to recover from Defendant Company BT a total of $18,077.19 for liquidated damages and interest for prior untimely remittance of contributions, not including attorneys' fees and costs, and from Defendant Company KT a total of $12,288.80 for liquidated damages and interest for untimely remittance of contributions, not including attorneys' fees and costs. THE SERVICE EMPLOYEES INTERNATIONAL UNION IL PENSION FUND is entitled to recover from Defendant Company BT a total of $3,977.03 for liquidated damages and interest for prior untimely remittance of contributions, not including attorneys' fees and costs, and from Defendant Company KT a total of $4,815.82 for liquidated damages and interest for prior untimely remittance of contributions, not including attorneys' fees and costs.

16. Pursuant to Fed. R. Civ. Pro. 54(b), "[w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple

parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." A final judgment on only some claims is appropriate where the claims retained by the trial court for trial are sufficiently different from the claims on which final judgment is granted such that an appeal from each would not require the appellate court to "go over the same ground" in each appeal. Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997). A final judgment is appropriate here with respect to Counts II and IV of the Complaint, alleging Defendant Companies' failure to pay liquidated damages and interest on untimely-paid employee benefit fund contributions, as the liquidated damages and interest owed can be fully ascertained at this time, and the claims are sufficiently different from the claims in Counts I and III of the complaint that they "would not require the appellate court to 'go over the same ground in each appeal.'" *Id*. Accordingly, Plaintiffs request a final judgment on Counts II and IV of the Complaint, pursuant to Fed. R. Civ. Pro. 54(b).

17. Based the work Plaintiffs' counsel has completed to date and the work Plaintiffs' counsel anticipates doing in the future to bring this matter to conclusion, the Plaintiffs' have incurred or will incur attorneys' fees and costs. Pursuant to the Funds' collection procedures and 29 U.S.C §1132(g)(2), Plaintiffs are entitled to an award for those fees. Plaintiffs request that they be awarded their fees at this time and that the parties be directed to comply with Local Rules 54.1 and 54.3 to ascertain the precise amount of those fees, but that that compliance with Local Rules 54.1 and 54.3 be deferred until after the Court has entered final judgment on Counts I and III of the Complaint.

WHEREFORE, for the reasons stated above, APRIL D. VERRETT, MYRA GLASSMAN, GREGORY KELLEY, BARRY CARR, MOSHE DAVIS, and MARSHALL MAUER, as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION IL HEALTH & WELFARE FUND, and APRIL D. VERRETT, MYRA GLASSMAN, FLOYD SCHLOSSBERG and MARSHALL MAUER as Trustees of THE SERVICE EMPLOYEES INTERNATIONAL UNION IL PENSION FUND respectfully request that the Court enter an order, in the form attached or otherwise, providing for the following:

(a) Finding that Defendants, BT BOURBONNAIS CARE LLC and KT CARE, LLC, are in default.

(b) Under Count I of the Complaint, ordering Defendant BT BOURBONNAIS CARE LLC to report and pay contributions to the Welfare Fund for all outstanding months from July 2013 to the present, and to report and pay contributions to the Pension Fund for all outstanding months from August 2013 to the present.

(c) Under Count II of the Complaint, entering final judgment for $22,054.22 against Defendant BT BOURBONNAIS CARE LLC, in favor the Welfare Fund in the amount of $18,077.19 and in favor of the Pension Fund in the amount of $3,977.03.

(d) Under Count III of the Complaint, ordering Defendant KT CARE, LLC to report and pay contributions to the Welfare Fund for all outstanding months from July 2013 to the present, and to report and pay contributions to the Pension Fund for all outstanding months from May 2013 to the present.

(e) Under Count IV of the Complaint, entering final judgment for $17,104.62 against Defendant KT CARE LLC, in favor the Welfare Fund in the amount of $12,288.80 and in favor of the Pension Fund in the amount of $4,815.82.

(f) Awarding the Funds their attorneys' fees in this case and ordering the parties to comply with Local Rules 54.1 and 54.3 to ascertain the precise amount of those fees, but deferring that compliance until after the Court has entered final judgment on Counts I and III of the Complaint.

Respectfully Submitted,

/s/ Josiah A. Groff
Josiah A. Groff
One of Plaintiffs' Attorneys

J. Peter Dowd
Michele M. Reynolds
Josiah A. Groff
Jeremy M. Barr
**DOWD, BLOCH & BENNETT**
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603

312-372-1361

March 14, 2014